The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANNA D. BRITT,<br><br>                           Plaintiff,<br><br>    v.<br><br>FRANCISCAN HEALTH SYSTEM, a<br>Washington nonprofit corporation,<br><br>                           Defendant. | NO. C07-0137 JLR<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>JURY DEMAND |

Comes now the plaintiff, Danna D. Britt, by and through her attorneys, The Law Offices of Judith A. Lonnquist, P.S., and Mitchell A. Riese, and alleges as follows:

**I. PARTIES**

1.1 Plaintiff, Danna D. Britt, is an African-American female and former employee of Defendant Franciscan Health System. Plaintiff is a resident of Federal Way, King County, Washington.

1.2 Defendant Franciscan Health System is a Washington nonprofit corporation and is the former employer of Plaintiff.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 1

## II. STATEMENT OF FACTS

2.1 Defendant, Franciscan Health System, owns and operates Saint Clare Hospital in Lakewood, Washington and Saint Francis Hospital in Federal Way, Washington.

2.2 Plaintiff's employment began at Saint Clare Hospital in June 2002. Plaintiff became employed at Saint Francis Hospital in November 2002. Both positions were fulltime or near fulltime.

2.3 During the period that Plaintiff was employed by Defendant, she informed Defendant of her need for leave under the Family and Medical Leave Act (FMLA), as Plaintiff has a medical condition, narcolepsy, which requires intermittent medical care.

2.4 Plaintiff provided Defendant with documentation of her need for FMLA leave on numerous occasions, providing such information to her supervisor at Saint Francis Hospital, Gloria Durant, as well as the Human Resources Manager at Saint Francis during the relevant time, Jill Karon.

2.5 Plaintiff worked a shift at Saint Clare Hospital from 8:30 p.m. on January 3, 2005 to 4:30 a.m. on January 4, 2005. On January 5, 2005, Plaintiff went to Saint Francis Hospital to begin her shift at 6:30 a.m. After completing her shift at Saint Francis, Plaintiff went to Saint Clare and started her shift at 5:30 p.m. on January 5, 2005.

2.6 While at work at Saint Clare on January 5, 2005, Plaintiff experienced a narcolepsy episode, and was admitted to Saint Clare Hospital. Plaintiff was discharged from the hospital later that evening. Her physician told Plaintiff to rest for 24 hours, and gave Plaintiff a form excusing her from work for the next 24 hours.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

2.7 Late in the evening of January 5, 2005, after Plaintiff had been discharged from Saint Clare, Plaintiff called her supervisor at Saint Francis, Gloria Durant, and informed Ms. Durant of Plaintiff's need for 24 hours of FMLA leave.

2.8 The morning of January 6, 2005, Ms. Durant called Plaintiff and told Plaintiff not to report to work at Saint Francis on Saturday, January 8 2005, when Plaintiff was scheduled to work beginning at 4:30 a.m. Ms. Durant directed Plaintiff to come to a meeting at 9:30 a.m. on January 8, 2005 and to meet at Jill Karon's office at Saint Francis.

2.9 Plaintiff worked at Saint Clare from 5:30 p.m. on January 7, 2005 to 2:00 a.m. January 8, 2005. Plaintiff then reported for the meeting as directed at Saint Francis at 9:30 a.m. on January 8, 2005. Present at the meeting were Jill Karon, Gloria Durant, and Plaintiff.

2.10 Plaintiff was informed by Gloria Durant that her employment at Saint Francis was being terminated that day. During the meeting, Ms. Karon accused Plaintiff of complaining that Saint Francis Hospital was discriminating against Plaintiff on the basis of Plaintiff's race and disability.

2.11 On the personnel action request form completed by Defendant, the reason stated for Plaintiff's termination was that Plaintiff was "unable to coincide needed hours with other job." Defendant indicated on the form that Plaintiff was not eligible for rehire.

2.12 Plaintiff was an "eligible employee" under the FMLA, 29 USC § 2601 et seq.

2.13 Plaintiff's medical condition constituted a "serious health condition" under the FMLA.

PLAINTIFF'S FIRST AMENDED COMPLAINT - 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086 FAX 206.233.9165

2.14  Defendant's termination of Plaintiff's employment at Saint Francis Hospital constituted interference with Plaintiff's exercise or attempt to exercise her right to take leave under the FMLA.

2.15  Plaintiff's medical condition constituted a disability under the Washington Law Against Discrimination, RCW 49.60 and the Rehabilitation Act of 1973, 29 USC § 794.

2.16  Defendant is a program receiving federal financial assistance within the meaning of the Rehabilitation Act of 1973.

2.17  Plaintiff was otherwise qualified for the job at Saint Francis Hospital from which she was terminated.

2.18  Plaintiff was discriminated against by Defendant on basis of Plaintiff's disability.

2.19  A substantial factor in Defendant's decision to terminate Plaintiff's employment was because Plaintiff has a disability.

2.20  Defendant willfully violated Plaintiff's rights under the FMLA.

2.21  Defendant terminated Plaintiff in retaliation for Plaintiff having opposed what Plaintiff reasonably believed to be discrimination against her by Defendant on the basis of Plaintiff's disability and race.

2.22  After Plaintiff began her employment at Defendant's Saint Francis Hospital in November 2002, Plaintiff worked more than 40 hours per week for Defendant.

2.23  Defendant failed to pay Plaintiff overtime wages for Plaintiff's hours greater than 40 hours per week, in violation of the Washington Minimum Wage Act, RCW 49.46.

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

2.24 Defendant willfully paid Plaintiff a lower wage than required by law by not paying Plaintiff her overtime wages for hours greater than 40 hours per week.

2.25 Defendant willfully violated Plaintiff's rights under the FMLA.

2.26 Plaintiff has been injured and suffered damages as a result of Defendant's acts.

2.27 Defendant acted with actual malice and/or deliberate indifference and/or reckless disregard for Plaintiff's federally protected rights.

### III. STATEMENT OF CLAIMS

**1.** **Family and Medical Leave Act _ 29 USC § 2601 et. seq.)**

Defendant's termination of Plaintiff's employment violated Plaintiffs rights under the FMLA.

**2.** **Disability Discrimination – RCW 49.60**

Defendant's termination of Plaintiff's employment constitutes disability discrimination in violation of the Washington Law Against Discrimination, RCW 49.60.

**3.** **Disability Discrimination – Rehabilitation Act**

Defendant's termination of Plaintiff's employment constitutes disability discrimination in violation of the Rehabilitation Act of 1973, 29 USC § 704.

**4.** **Washington Minimum Wage Act – RCW 49.46**

Defendant's failure to pay Plaintiff overtime wages for hours worked greater than 40 hours per week constitutes a violation of the Washington Minimum Wage Act, RCW 49.46.

**5.** **Retaliation – RCW 49.60**

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

Defendant's actions constitute retaliation against Plaintiff for Plaintiff having engaged in the protected activity of opposing what Plaintiff reasonably believed to be race discrimination, in violation of RCW 49.60.

6. **Retaliation – 42 USC § 1981**.

Defendant's actions constitute retaliation against Plaintiff for Plaintiff having engaged in the protected activity of opposing what Plaintiff reasonably believed to be race discrimination, in violation of 42 USC § 1981.

## IV. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

To the extent required by law, Plaintiff waives the Physicians/Patient Privilege.

## V. JURY DEMAND

Plaintiff demands that this matter be tried before a jury.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays that the court enter a judgment:

1. Awarding Plaintiff actual, compensatory, punitive and liquidated damages;
2. Declaring that Defendant's actions constitute a violation of the FMLA, RCW 49.60, that Washington Minimum Wage Act, the Rehabilitation Act of 1973, and 42 USC § 1981;
3. Awarding Plaintiff her attorney's fees and costs;
4. For such other and further relief as the courts deems just and equitable.

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

Dated this 9th day of May, 2007.

                    LAW OFFICES OF
                    JUDITH A. LONNQUIST, P.S.

                    /s/ Mitchell A. Riese
                    Mitchell A. Riese  WSBA No. 11947
                    Attorneys for Plaintiff

PLAINTIFF'S FIRST AMENDED COMPLAINT - 7

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 9, 2007, I caused to be electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keelin A. Curran        kacurran@stoel.com

Zahraa V. Wilkinson        zvwilkinson@stoel.com

                                            /s/ Mitchell A. Riese
                                            Mitchell A. Riese, WSBA # 11947
                                            Attorney for Plaintiff

PLAINTIFF'S FIRST AMENDED COMPLAINT - 8

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086 FAX 206.233.9165